```
                UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )     Chapter 7
VERNON COOPER and               )
CONNIE COOPER,                  )     Bankruptcy No. 02-03566
                                )                    03-00235
     Debtors.                   )
--------------------------------
SHERYL SCHNITTJER, Trustee,     )     Adversary No. 05-9025
                                )
     Plaintiff,                 )
                                )
vs.                             )
                                )
PIONEER MUTUAL LIFE             )
INSURANCE CO.,                  )
                                )
     Defendant.                 )
```

**ORDER RE: MOTION TO INTERVENE**

This matter came before the undersigned on July 26, 2005 pursuant to assignment. Attorney Michael Mallaney appeared for Plaintiff/Trustee Sheryl Schnittjer. Attorney Eric Lam appeared for Defendant Pioneer Mutual Life Insurance Co. After hearing the arguments of counsel, the Court took the matter under advisement.

**STATEMENT OF THE CASE**

Trustee's complaint seeks recovery against Pioneer for breach of contract to pay commissions to Debtor as Pioneer's agent. Debtor's corporation, Vern Cooper & Assoc., Inc. ("VCA") seeks to intervene, claiming an interest in the commissions that are the subject matter of the complaint. Pioneer objects that VCA's motion fails to comply with Rule 24 and the Court lacks subject matter jurisdiction over the Intervention Complaint.

Vernon and Connie Cooper each listed a 50% interest in VCA as personal property in their bankruptcy schedules. VCA is also listed as one of their businesses, described as insurance sales. VCA's Intervention Complaint asserts Pioneer

owes it more than $80,000 for unpaid first year and renewal commissions under a General Agent Agreement between VCA and Pioneer.

At the hearing, Trustee noted that Pioneer has filed two claims in Debtors' bankruptcy cases. One claim arises out of a prepetition action in U.S. District Court. The other arises out of a promissory note. Trustee argues that an adjudication of VCA's claim for commissions will have an impact on the bankruptcy estate and is essential to the bankruptcy claims process. She asserts that as she controls 100% of the stock of VCA, she has the ability to make claims for commissions owed to VCA. Pioneer argues that any recovery by VCA would only give value to Debtors as shareholders, after all VCA's creditors are paid. It asserts there may be no value left after paying VCA's creditors. Trustee responds that VCA and Debtors doubtless have creditors in common such that a recovery by VCA would reduce these mutual creditors' claims in Debtors' bankruptcy cases.

## INTERVENTION

Pursuant to the Rules of Bankruptcy Procedure, Rule 24 governing intervention is applicable in bankruptcy cases. Fed. R. Bankr. P. 7024; Fed. R. Civ. P. 24. Under Rule 24(a)(2), a party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties. <u>Little Rock School Dist. v. North Little Rock School Dist.</u>, 378 F.3d 774, 780 (8th Cir. 2004).

Permissive intervention is allowed under Rule 24(b) which states:

> [u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

2

The decision to grant or deny a motion for permissive intervention is wholly discretionary.  <u>South Dakota v. U.S. Dep't of Interior</u>, 317 F.3d 783, 787 (8th Cir. 2003).

## SUBJECT MATTER JURISDICTION

The bankruptcy court, by reference from the district court, has jurisdiction over any action "arising under title 11, or arising in or related to the cases under title 11."  28 U.S.C. §§ 1334(b).

> A proceeding "arises under" title 11 if a claim asserted is created by or based on a provision of the bankruptcy code.  An action by a trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be acting based on a right conferred by the bankruptcy code.  A proceeding "arises in" a case under title 11 if it is not based on any right expressly created by the bankruptcy code but has no existence outside the bankruptcy case.  Examples of "arising in" would be allowance or disallowance of a claim, orders in respect to obtaining credit, confirmation of plans, and orders permitting the assumption or rejection of contracts.

<u>In re Grubbs Const. Co.</u>, 305 B.R. 476, 480 (Bankr. W.D. Ark. 2003) (citations omitted); <u>see also</u> <u>In re Farmland Indus., Inc.</u>, 296 B.R. 793, 803 (B.A.P. 8th Cir. 2003).

An action is "related to" the bankruptcy case if it affects the amount of property available for distribution or the allocation of property among creditors.  <u>In re Reeves</u>, 65 F.3d 670, 675 (8th Cir. 1995).  There must be some nexus between the action and the bankruptcy case and the action must have some effect on the administration of the debtor's estate.  <u>Specialty Mills, Inc. v. Citizens State Bank</u>, 51 F.3d 770, 774 (8th Cir. 1995).

The Eighth Circuit has stated that the usual articulation of the test to determine whether an action is "related to" bankruptcy is "whether the outcome of that proceeding could conceivably have any effect on the estate administered in bankruptcy."  <u>see</u> <u>Farmland Indus.</u>, 296 B.R. at 804-05 (discussing 8th Circuit and Supreme Court precedent).  "Related to" jurisdiction, however, cannot be limitless.  <u>AUSA</u>

3

Life Ins. Co. v. Citigroup, Inc., 293 B.R. 471, 475 (N.D. Iowa 2003) (citing Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995)).

> "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [former] section 1471(b). Judicial economy itself does not justify federal jurisdiction."  "[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist."

AUSA Life Ins., 293 B.R. at 475 (citations omitted).

In In re Apex Oil Co., 88 B.R. 968, 970 (Bankr. E.D. Mo. 1988), the court considered "related to" jurisdiction in an adversary proceeding regarding acceleration of debts of two corporations in which the debtor held 22% and 36% interests. Applying the "any conceivable impact" test, the court held that there was "related to" jurisdiction. Id. at 972.  The court found that a call by the noteholders of the corporations would inevitably result in financial consequences to the corporations and, accordingly, to their shareholders. Id.  It further noted that determinations of jurisdiction over matters brought on behalf of a separate legal entity in which the debtor is a substantial shareholder, should be made on a case by case basis. Id.; see also In re Reeves, 65 F.3d 670, 675 (8th Cir. 1995) (finding trustee's action to liquidate close corporation to realize value of the estate's shares is "related to" the underlying bankruptcy); Franklin Sav. Corp. v. Office of Thrift Supervision, 213 B.R. 596, 600 (D. Kan. 1997) (finding "related to" jurisdiction over physical and regulatory takings claims belonging to entity in which Debtor held 94% ownership interest).

## CONCLUSIONS

Based on the foregoing, the Court concludes that it has "related to" jurisdiction over VCA's intervention complaint. As Debtors are the sole shareholders of VCA, it is conceivable that a recovery by VCA would affect the value of the Trustee's ownership interest in VCA stock.  Further, a recovery by VCA could reduce Pioneer's claims in Debtors' bankruptcy cases.

If VCA and Debtors have mutual creditors, VCA's recovery could potentially reduce the claims in the bankruptcy estates.

The Court further concludes that the motion to intervene should be granted.  Intervention will not delay or prejudice the parties in this case.  VCA is essentially making the identical claim that Trustee originally made in this case.  Counsel for Trustee is also acting as counsel for VCA.  Permissive intervention is appropriate in these circumstances.

**WHEREFORE**, the Motion to Intervene filed by Vern Cooper & Assoc. is GRANTED.

**FURTHER**, the Court has "related to" jurisdiction over the claims raised in VCA's Intervention Complaint.

DATED AND ENTERED: August 15, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE